PENN PHONOGRAPH CO. v. COLUMBIA PHONOGRAPH CO.

(Circuit Court of Appeals, Third Circuit. September 19, 1904.)

No. 54.

1. DISMISSAL—DISCRETION TO PERMIT—REVIEW.

Unless it clearly appears that some fundamental rule of a court of equity was violated, or that there was an abuse of legal discretion, a decree dismissing a cause on complainant's motion will not be reversed on appeal. Where no evidence had been taken, and no hearing had upon the merits, the fact alone that defendant may be subjected to another suit is not a ground for denying leave to dismiss.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Charles N. Butler, for appellant.

John Stokes Adams, for appellee.

Before ACHESON and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge. This was a suit in equity brought on December 4, 1902, by the Columbia Phonograph Company against the Penn Phonograph Company and the National Phonograph Company to restrain the defendants from using, selling, or letting, or offering for sale or to let, within the states of Maryland and Delaware, or within the District of Columbia, certain patented articles, whereof the complainant claimed an exclusive license within said states and District, and for the recovery of profits and damages. At the time the subpœna issued, notice of a motion for a preliminary injunction, and an affidavit on behalf of the complainant in support of the motion, were filed. On

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3838.

December 16, 1902, affidavits on behalf of the Penn Phonograph Company in opposition to said motion, and also the answer under oath of that company, were filed. The other defendant, the National Phonograph Company, by direction of counsel, was not served with the subpoena, and did not appear in the cause. On December 16, 1902, the motion for a preliminary injunction was argued, and was denied. On April 6, 1903, the complainant filed its petition praying that the bill might stand dismissed. On June 9, 1903, this motion was argued, and the following proceeding was had, as appears by record entry, namely:

"And afterwards, to wit, on the 9th day of June, 1903, came the parties aforesaid, by their counsel aforesaid; and this cause being called for argument sur motion on behalf of complainant to dismiss bill, and having been argued by counsel for the respective parties, and the court being fully advised in the premises, it is ordered that the motion to dismiss bill be granted."

On June 23, 1903, the court made the following decree:

"This cause came on to be heard upon petition of the complainant, praying that its bill may stand dismissed out of this court, with costs to be taxed by the clerk of this court, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the prayer of complainant's said petition be granted, and that the complainant's bill stand dismissed out of this court, with costs to be taxed by the clerk of this court."

From this decree the defendant the Penn Phonograph Company has appealed.

From the foregoing recitals, it appears that the complainant below did not attempt to dismiss the bill of its own motion, as a matter of right, but sought the permission of the court to do so, and that the court granted the prayer of the complainant, and dismissed the bill, with costs to the defendant, after hearing the parties, and upon due consideration. Upon this appeal, then, the decree allowing the dismissal of the bill should not be reversed unless it clearly appears that there was a violation of some established rule prevailing in equity, or an abuse of the legal discretion of the court. In Pullman's Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 Sup. Ct. 808, 811, 43 L. Ed. 108, the Supreme Court, after referring to decisions upon this subject, said:

"From these cases we gather that there must be some plain, legal prejudice to defendant, to authorize a denial of the motion to discontinue. Such prejudice must be other than the mere prospect of future litigation rendered possible by the discontinuance. If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application. Stevens v. The Railroads [C. C.] 4 Fed. 97, 105. Unless there is an obvious violation of a fundamental rule of a court of equity, or an abuse of the discretion of the court, the decision of a motion for leave to discontinue will not be reviewed here."

We are not able to see that the court below violated any rule of equity practice, or abused its legal discretion, in making the decree here complained of. No testimony had been taken in the case, and there had been no hearing or decree upon the merits. The hearing of the motion for a preliminary injunction upon opposing ex parte affidavits and the denial of the motion did not bar the dismissal of the bill

by permission of the court in the exercise of its sound discretion. Nor was leave to dismiss precluded because the defendant was called on to answer the bill under oath, and did so. The appellant, we think, was deprived of no substantial right by the dismissal. We cannot agree that future litigation thus made possible amounted to legal prejudice.

The decree of the Circuit Court is affirmed.