## HOUGHTON v. WHITIN MACH. WORKS.

### (Circuit Court, D. Massachusetts. January 8, 1908.)

### No. 213.

EQUITY—DISMISSAL OF BILL WITHOUT PREJUDICE—RIGHT OF COMPLAINANT.

A complainant may ordinarily dismiss his bill without prejudice at any time before final hearing, unless such dismissal will cause prejudice to defendant beyond that which arises from the risk of another suit; and the filing of a so-called cross-bill by defendant praying for a discovery will not prevent such dismissal, where it seeks no affirmative relief and the discovery sought relates solely to matters of defense in the pending suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 749–752.]

In Equity.

Fish, Richardson, Herrick & Neave and Louis W. Southgate, for complainant.

Wetmore & Jenner, for defendant.

LOWELL, Circuit Judge. Houghton filed a bill against the Whitin Machine Works to restrain the infringement of letters patent No. 795,769. The defendant duly answered thereto, and the complainant replied. Thereafter counsel for the complainant signified to counsel for the defendant that the complainant proposed to dismiss the bill without prejudice. Almost immediately after learning this,

the defendant filed a cross-bill, having for its sole object to prevent the dismissal of the complainant's bill without prejudice. This was admitted with honorable frankness by the defendant's counsel at the oral argument. The cross-bill prays that the complainant be enjoined from litigating the infringement except in the suit now pending, and it seeks the discovery of evidence applicable to that suit. No other suit is alleged to which the evidence sought is applicable. There is also a general prayer for relief.

A complainant may ordinarily dismiss his bill without prejudice at any time before final hearing. An exception to this rule exists where dismissal will cause prejudice to the defendant beyond that which arises from the risk of another action. "Whenever in the progress of the cause a defendant entitles himself to a decree, either against the complainant or against a codefendant, and a dismissal would put him to the expense and. trouble of bringing a new suit and making his appearance anew, such dismissal will not be permitted." Bank v. Roze, 1 Rich. Eq. (S. C.) 294. In the case at bar the defendant is entitled to no decree. His cross-bill seeks no decree against the complainant, except in the suit now pending. To that suit the discovery sought is applicable. The defendant complains of the hardship which is imposed upon it by the complainant's threats of another suit and by its own apprehensions. But the courts have declared that the like threats shall not be taken to hinder a complainant from dismissing his bill without prejudice at his own option. This right of dismissal would be empty, indeed, if it could be defeated by the filing of any document which the defendant styles a "cross-bill." To prevent the dismissal of the original bill, the cross-bill must pray affirmative relief, and must not confine itself to a method of defense in the pending suit. Gilmore v. Bort (C. C.) 134 Fed. 658; Chicago & Alton R. R. v. Union Rolling Mill Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081.

Bill to be dismissed, without prejudice and on payment of costs. Cross-bill dismissed, on payment of costs by complainant.