## TOWER v. STIMPSON.

(Circuit Court, D. Massachusetts. December 23, 1909.)

1. DISMISSAL AND NONSUIT (§ 5*)—VOLUNTARY DISMISSAL.
    Complainant may dismiss his bill on payment of costs, unless a cross-bill seeking affirmative relief has been filed prior to the motion to dismiss.
    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 6; Dec. Dig. § 5.*]

2. TIME (§ 11*)—FRACTIONS OF A DAY—FILING PLEADING.
    The court will take notice of fractions of a day in determining whether a cross-bill seeking affirmative relief has been filed prior to the filing of complainant's motion for dismissal of the bill.
    [Ed. Note.—For other cases, see Time, Cent. Dig. § 53; Dec. Dig. § 11.*]

3. DISMISSAL AND NONSUIT (§ 19*)—VOLUNTARY DISMISSAL—MOTION—FILING—SUBSEQUENT FILING OF CROSS-BILL.
    Where a cross-bill seeking affirmative relief was filed on the same day, but subsequent to the filing of a motion by complainant to dismiss the bill, the filing of the cross-bill was ineffective to prevent the granting of the motion to dismiss.
    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 36; Dec. Dig. § 19.*]

In Equity. Suit by Levi L. Tower against Isabel Bradford Stimpson. On motion to dismiss. Granted.

T. Hart Anderson, for complainant.
Odin Roberts and Roberts, Roberts & Cushman, for defendant.

LOWELL, Circuit Judge. On December 4th the complainant gave written notice to the defendant of his intention to move to dismiss his bill upon payment of costs. He filed his written motion with the clerk on December 6th. On that day the defendant filed a cross-bill, and now opposes the dismissal of the original bill.

That the complainant's motion should be granted in the absence of the cross-bill is admitted. Morton Trust Co. v. Keith (C. C.) 150 Fed. 606. That a cross-bill seeking affirmative relief, and duly filed, ordinarily prevents dismissal of the original bill by the complainant, is also admitted. The complainant here contends (1) that the cross-bill is ineffective, because filed after the filing of his motion, and (2) that the cross-bill does not pray affirmative relief within the practice of the court of chancery. Houghton v. Whitin Machine Works (C. C.) 160 Fed. 227.

The filing of the complainant's motion and the filing of the cross-bill are noted on two successive lines of the same docket page; the motion being noted on the upper of the two. The clerk has informed the court that the motion was filed before the cross-bill. The defendant has offered no evidence to control the effect of the docket entry and of the clerk's statement, and I find as a fact that the motion was filed first. The defendant contends, however, that the filing of the two papers must be treated as simultaneous, because the court disregards fractions of a day. This is true for some purposes, and the fiction has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been given an extended application in some English courts, yet even there the case at bar is recognized as outside its scope. Thus in Edwards v. Reginam, 9 Ex. 628, Mr. Justice Coleridge, speaking for the Court of Exchequer Chamber, said:

"The court will inquire at what time a party does an act, as filing a bill or delivering his declaration."

That justice and convenience often require a court to notice the hour as well as the day of filing is illustrated by the case at bar. The complainant had a right to dismiss his bill. The defendant might defeat that right at any time by filing a cross-bill which prayed for affirmative relief; but he might not defeat the complainant's right by a bill filed after the motion was made, and nowadays a motion may be made in writing for some purposes, as well as by word of mouth addressed to the court. To make the cross-bill here filed effective against the complainant's motion would allow the defendant, by keeping a close watch on the clerk's office, to speculate upon the complainant's proceeding with the original bill, and to follow up the complainant's motion by the immediate filing of a cross-bill. If the cross-bill has been already filed, the complainant will move for dismissal in vain. If the motion has been made in court or filed with the clerk, the complainant's right of dismissal is perfected, and the defendant's cross-bill will thereafter be filed in vain. Whether the defendant would have profited by a bill filed after receiving notice of the complainant's intention, but before the latter's motion was filed, need not here be decided, nor whether this cross-bill sought affirmative relief.

Original bill to be dismissed, with costs.