E. G. STAUDE MFG. CO. et al. v. LABOMBARDE et al.

(District Court, D. New Hampshire. February 18, 1916.)

No. 389.

1. PATENTS ⟨⟩313 — SUIT FOR INFRINGEMENT — VOLUNTARY DISMISSAL — GROUNDS FOR DENIAL OF LEAVE.

Where, in a patent suit, there had been no hearing touching the merits, and though considerable expense had been incurred through the taking of testimony and the doing of other things, the evidence was not closed upon either side, no substantial rights had accrued to defendants which would warrant the denial to plaintiffs of leave to dismiss on proper terms.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ⟨⟩313.]

2. PATENTS ⟨⟩313—SUIT FOR INFRINGEMENT—VOLUNTARY DISMISSAL—CONDITIONS.

Where, in a patent suit, plaintiffs had taken testimony under circumstances compelling defendants to incur expense, and the case had proceeded beyond the point at which plaintiffs might dismiss as of right, and plaintiffs had instituted a proceeding in another jurisdiction, and had offered to stipulate into the record of that suit all the depositions taken on behalf of defendants, leave to dismiss should be conditioned upon substantial indemnity to defendants, and defendants should be indemnified, not only for taxable costs, but for incidental expenses, including counsel fees which would be lost in subsequent litigation.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ⟨⟩313.]

In Equity. Suit by the E. G. Staude Manufacturing Company and others against Elie W. Labombarde and others. On motion by plaintiffs for leave to dismiss. Motion granted conditionally.

Nathan Heard, of Boston, Mass., for complainants.
George A. Rockwell, of Boston, Mass., for defendants.

ALDRICH, District Judge. There was a hearing in this case on December 30, 1915, under a motion to dismiss upon the ground that rule 57 (198 Fed. xxxiv, 115 C. C. A. xxxiv) operated to that end, because the case was not reinstated upon the trial calendar within a year from the entry of the order dropping the case from the calendar. The motion was denied, upon the ground that the rule should not, under the circumstances of this case, operate to that end.

On January 10, 1916, the plaintiffs filed a motion for leave to dismiss without prejudice and subject to costs. This motion presents a question entirely independent of the one involved in the motion decided December 30, 1915.

Obviously under this motion the plaintiffs recognize the idea that the case has proceeded beyond the point at which they may in their own right dismiss their bill, and this, of course, is so because several things have been done under the proceeding which they instituted against the defendants. The defendants resist the motion upon the ground that substantial rights have accrued to them under the proceeding, and that they would be prejudiced by a dismissal at the present stage of the proceeding.

Under the circumstances of this case, it manifestly is a matter of discretion whether the plaintiffs shall have leave to dismiss. There is a world full of decisions relating to the question as to a plaintiff's right to dismiss. I need not consider them all. The case of Pennsylvania Globe Gaslight v. Globe Gaslight Co. (C. C.) 121 Fed. 1015, was one in which Judge Colt goes over the ground with a full measure of care, and the case of Houghton v. Whitin Machine Works (C. C.) 160 Fed. 227, is one in which Judge Lowell considers, not only the general aspects of the right of a plaintiff to dismiss, but the right as affected by the fact that the defendant is likely to be subjected to the hardships of another suit.

The case of American Bell Telephone Co. v. Western Union Tel. Co., 69 Fed. 666, 16 C. C. A. 367, was one decided in the Circuit Court of Appeals in this circuit, and the opinion was by Judge Webb, who was a very able judge, and I must be governed here by the rule laid down in that case. Judge Webb, speaking for that court, says:

"All the authorities recognize that in the progress of a suit a stage may be reached when the right of the complainant to end the cause by dismissing his bill ceases. With sufficient exactness, the decisive point may be said to be when the cause has proceeded so far as to give the defendant rights of which he would be deprived by allowing the dismissal of the bill by the complainant on his motion."

In that case the plaintiff was not allowed to dismiss his bill, because there had been a hearing before a master, and because a draft of the master's findings had been submitted to counsel. Under such circumstances, it would be manifest injustice to a defendant that the plaintiff should withdraw.

[1] In the case at bar there has been no hearing touching the merits, and although considerable expense has been incurred through taking testimony and doing other things, the evidence is not closed upon either side. I see no ground, therefore, for saying that any substan-

tial rights have accrued to the defendant which would warrant me in saying that the plaintiffs should remain here and carry forward the litigation with reference to the patent or patents in question.

Apparently the strongest case cited by the defendants in opposition to the plaintiffs' motion to dismiss is that of Hershberger et al. v. Blewett et ux. (C. C.) 55 Fed. 170; but an examination of that case shows that there had been a hearing there on demurrer and resulting interlocutory decrees practically deciding the controversy, and thus the case is quite outside the field in which the case under consideration rests.

[2] It appears from the arguments and the papers in this case that the plaintiffs have instituted a proceeding in Chicago, putting in issue the same questions as those involved in the case here. I am satisfied that that was done upon the supposition that rule 57 would operate to dismiss the case pending in this jurisdiction. It also appears from the papers before me that the plaintiffs offer to stipulate into the record of the Chicago suit all the depositions taken on behalf of the defendants in the New Hampshire suit, except the deposition of the expert. My conclusion is that the plaintiffs should have leave to dismiss the case pending in this jurisdiction, but that it should be upon substantial indemnity to the defendants. Where a plaintiff institutes a legal proceeding for the purpose of establishing a right in a given jurisdiction, and goes forward and takes testimony under circumstances which compel the defendant to incur expense, and where the case has proceeded beyond that point at which the plaintiff may dismiss the suit as of his own right, and where the plaintiff asks the court in its discretion to permit his withdrawal, if permission is given, it should be upon substantial indemnity to the defendant. The plaintiff in this case concedes that, if he takes a dismissal under an exercise of discretion, it should be upon payment of costs. Under the circumstances of this case, I think the defendant should be indemnified, not only for taxable costs, but for incidental expenses, including reasonable expense of counsel fees which would be lost in subsequent litigation. I say this without regard to what the practice has heretofore been on the subject. If it has not been the rule that a defendant, under such circumstances as exist in this case, should be indemnified for expenses to which he has been subjected through the act of the plaintiff, and which are lost to him through the act of the plaintiff, I think it should be. The plaintiffs having offered to stipulate into the Chicago suit the depositions taken in the suit pending here, it is something to be considered upon the question of indemnity.

The matter of indemnity and the matter of costs is something that I cannot determine under the present hearing. Therefore I appoint Burns P. Hodgman commissioner to tax the costs and to ascertain the incidental expenses to which the defendants have been subjected by reason of the pendency of this case which will be lost to them in the new suit. The commissioner will not take into account the difference in the expense of trying the case here and in Chicago, but will tax costs and ascertain the expense to which the defendants have been subjected here, and which will be lost to them by reason of the dis-

missal of this case. It may be that all that has been done here by way of defense may be available to the defendants in the Chicago suit, and it may be that a part or all of it may be lost to them. That is something which I cannot say, and is something which the commissioner will ascertain. When such facts are reported to me, I will enter an order allowing the plaintiffs to elect whether they will take a dismissal or not.