ORR et al. v. COCA–COLA CO.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 2977.

1. INJUNCTION ⬅129(1)—RIGHT TO DISMISS—PREJUDICE.
    Ordinarily a plaintiff may, as a matter of right, at any time before interlocutory or final decree dismiss his suit without prejudice to beginning another, provided he pay the costs, and the dismissal will not deprive the defendant of any substantial right accrued after the suit has been instituted, or prejudice the defendant by depriving him of some affirmative advantage to which he would be properly entitled, and the mere prospect of future litigation, rendered possible by the discontinuance of a suit in which plaintiff's motion for preliminary injunction, made upon the bill and affidavits, does not amount to prejudice, depriving plaintiff of the right to dismiss.

2. INJUNCTION ⬅129(1)—RIGHT TO DISMISS—DISCRETION OF COURT.
    Though the court had denied plaintiff's motion for preliminary injunction, made on the bill and affidavits, it was not an abuse of discretion to allow plaintiff to dismiss the suit without prejudice to beginning another, even though defendants objected on the ground that the denial of the preliminary injunction was a decretal order sustaining their right to continue their business until further order of the court or final determination.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by the Coca-Cola Company against Rose Orr and Frank L. Orr, doing business as the Orr Drug Company, or the Orr Pharmacy. From an order and decree dismissing the cause on plaintiff's motion without prejudice, defendants appeal. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from an order and decree granted on plaintiff's motion, and against defendant's objections, dismissing the cause without prejudice. The suit was brought for injunction and accounting, plaintiff charging unfair competition with the plaintiff in selling a drink in simulation of "Coca-Cola" syrup. Preliminary motion for injunction was made upon the bill and a number of affidavits. Defendants answered, denying specifically and particularly any infringement of the rights of plaintiff, and supported their answer by affidavits. The District Court denied injunction pendente lite. The cause was set for trial for February 16, 1917, but on January 31st plaintiff made motion to dismiss "without prejudice to the bringing of another cause of action on the same alleged facts by complainant." Defendants resisted this motion and filed affidavits in opposition. The District Court dismissed the cause without prejudice and made decree accordingly. When the motion to dismiss was heard by the court, no testimony had been taken in the cause. The essential matter at issue between the parties was whether or not defendants had sold as Coca-Cola any substance that was not in fact Coca-Cola.

S. J. Parsons, of Los Angeles, Cal., for appellants.

O'Melveny, Stevens & Millikin, Walter K. Tuller, and Roy V. Reppy, all of Los Angeles, Cal., and Candler, Thomson & Hirsch, of Atlanta, Ga., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). The substance of the errors assigned by the defendants is: That by considering the affidavits upon the motion for preliminary injunction, and by setting the case down for trial, the District Court determined the cause, and made a "decretal order" sustaining the right of the defendants to continue their business until the further order of the court, or the final determination of the cause, and that the defendants thereby acquired the right to have the matter so continued, and to have it determined in the same District Court without being subjected to litigation in some other or different court as threatened by the defendant.

[1, 2] The general rule is that a plaintiff may, as a matter of right, at any time before interlocutory or final decree dismiss his suit without prejudice to beginning another, provided he pays the costs, and the dismissal will not deprive the defendant of any substantial right accrued after suit has been instituted, and the dismissal will not prejudice the defendant by depriving him of some affirmative advantage to which he would be properly entitled. In Street's Federal Equity Practice, page 804, we find this statement of the rule:

"Prejudice to the defendant, then, is a factor sufficient to defeat the right of the plaintiff to dismiss. If it appears that the dismissal of the bill would deprive the defendant of some litigable right that he is entitled to enforce in that suit, or perhaps, even, if it appears that by the dismissal he would be subjected to some disadvantage or deprived of some equity, the leave to dismiss will be refused. It will be noted, in this connection, that the mere possibility that the defendant may be harassed by another litigation directed to the same object is not enough to disentitle the plaintiff to dismiss. The prejudice that the law contemplates as sufficient to authorize a denial of the plaintiff's motion to dismiss must be 'some plain, legal prejudice other than a mere prospect of future litigation rendered possible by the dismissal of the bill.' But if, beyond the incidental annoyances of a second litigation upon the same subject-matter, such action would be manifestly prejudicial to the

defendant, leave to dismiss will not be granted. On the question as to what will constitute a sufficient prejudice to the defendant to justify a refusal of leave to dismiss, the courts very properly exercise a considerable latitude of judicial discretion; and except in a case where there is an obvious violation of a fundamental rule or an abuse of the discretion of the court, the action of the Circuit Court in granting or refusing leave to dismiss will not be reversed."

It does not seem to be consistent with principles of equity to say that merely because an order denying injunction pendente lite has been made, all discretion in respect to the allowance of motion for dismissal by plaintiff is removed, and therefore that the court may not inquire into the question whether or not the dismissal would constitute a substantial prejudice to defendant. In Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108, the Supreme Court expressly held that the prejudice to the defendant which would authorize a denial of a motion to discontinue must be other than the mere prospect of future litigation, rendered possible by the discontinuance. Upon the question of discretion, it was said:

"Unless there is an obvious violation of a fundamental rule of a court of equity or an abuse of the discretion of the court, a decision of a motion for leave to discontinue will not be reviewed here."

In Penn Phonograph Co. v. Columbia Phonograph Co., 132 Fed. 808, 66 C. C. A. 127, on an appeal from a decree dismissing a bill on motion of the plaintiff, the Court of Appeals for the Third Circuit found no abuse of legal discretion in making the decree complained of and said:

"No testimony had been taken in the case, and there had been no hearing or decree upon the merits. The hearing of the motion for a preliminary injunction upon opposing ex parte affidavits and the denial of the motion did not bar the dismissal of the bill by permission of the court in the exercise of its sound discretion. Nor was leave to dismiss precluded because the defendant was called on to answer the bill under oath, and did so. The appellant, we think, was deprived of no substantial right by the dismissal. We cannot agree that future litigation thus made possible amounted to legal prejudice."

That there is discretionary power up to the time that evidence may be heard upon the merits is held in the following cases: Young v. Samuels & Brothers, 232 Fed. 784, where Judge Brown, in the District Court for the District of Rhode Island, has collated and considered many of the decisions bearing upon the point; Houghton v. Whitin Machine Works (C. C.) 160 Fed. 227; Staude Manufacturing Co. v. Labombarde et al. (D. C.) 229 Fed. 1004. See, also, Bates, Federal Equity Procedure, pp. 709, 710; Curtis v. Lloyd, 4 My. & Cr. 194; Thomson-Houston E. Co. v. Holland (C. C.) 160 Fed. 768; Ebner v. Zimmerly, 118 Fed. 118, 55 C. C. A. 430.

In C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081, the Supreme Court, speaking through Justice Woods, after conceding that as a general rule, a complainant could at any time upon the payment of costs, dismiss his bill, said that the rule was subject to exception, namely:

"That after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such pro-

ceedings have been taken as entitled the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant."

The court cites Daniel's Chancery Practice, pp. 793, 794, where it was laid down that:

"After a decree or decretal order the court will not allow a plaintiff to dismiss his own bill, unless upon consent, for all parties are interested in a decree, and any party may take such steps as he may be advised to have the effect of it."

We do not understand that the Supreme Court meant to decide that where injunction pendente lite has been denied, and there has been no testimony heard upon the merits of the case, the order denying such injunction necessarily brings the case within the settled exception to the general rule. The case which was before the court did not call for decision to such effect; and in the later case of Pullman's Car Co. v. Central Transportation Co., supra, Justice Peckham, although he referred to C. & A. R. R. Co. v. Union Rolling Mill Co., supra, in stating the general proposition, was careful, it would seem, to avoid language which would deny to a plaintiff the right to dismiss his bill at any time before the hearing, except where, "beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant." Carrington v. Holly (1755) 1 Dickens, 281.

Holding that the order made was within the discretion of the court, and that no abuse is shown, the decree is affirmed.