## COWHAM v. McNIDER.

### (District Court, E. D. Michigan, S. D.   December 5, 1919.)

### No. 198.

1. EQUITY &=>368—DISREGARD OF IMMATERIAL ERRORS UNDER EQUITY RULES.

Under equity rule 19 (198 Fed. xxiii, 115 C. C. A. xxiii), requiring the court at every stage of the proceeding to disregard any error or defect which does not affect substantial rights, on a motion to set aside an order permitting complainant to dismiss without prejudice, that such order was irregularly obtained, without notice, is immaterial, and complainant's right to dismiss will be determined on the merits.

2. EQUITY &=>359—DISMISSAL WITHOUT PREJUDICE.

Complainant is entitled to dismissal of a bill at any time before hearing thereon, conditioned on payment of the costs incurred, unless such dismissal will deprive defendant of the right to obtain affirmative relief, prayed for before the motion to dismiss, or unless such dismissal will result in substantial prejudice to defendant, other than the prospect of further litigation regarding the same subject-matter.

3. EQUITY &=>359—DISMISSAL WITHOUT PREJUDICE.

A complainant *held* entitled to dismiss without prejudice, notwithstanding the pendency of a motion by defendant for leave to file an amended answer asking affirmative relief.

In Equity.   Suit by Nellie L. Cowham against Charles H. McNider. On motion by defendant to set aside an order of dismissal.   Denied.

James O. Murfin, of Detroit, Mich., for plaintiff.

Warren, Cady, Ladd & Hill, of Detroit, Mich., for defendant.

TUTTLE, District Judge.   This matter comes before the court on motion by defendant to set aside an order dismissing without prejudice the bill of complaint herein.   The meritorious question involved is whether the plaintiff is entitled to have such bill dismissed upon payment of the costs incurred.

The bill was filed for the purpose of rescinding a certain sale of corporate stock by the plaintiff to the defendant, alleged to have been induced by means of false and fraudulent representations by defendant concerning the value of such stock.   In her bill plaintiff offered to return the purchase price received by her, and prayed that defendant be ordered to return to her said stock.

In his answer, the defendant denied all of the material allegations in the bill, and further alleged that he never purchased any shares of stock from said plaintiff, and that the records of the corporation whose stock was involved disclosed that said plaintiff was never the owner of any shares of its stock.   No affirmative relief was prayed in said answer.

Thereafter the cause was referred to the standing master in chancery of this court to take proofs.   Afterwards, and before the taking of any testimony, defendant filed a petition for leave to file an amended answer and cross-bill, in which he alleged, among other things, that the defendant purchased the corporate stock in question from a person to whom it had been previously sold by the plaintiff, as administratrix of the estate of her deceased husband, to whom it had

belonged at his death; that plaintiff in her individual capacity was never the owner of any of such stock; and that her bill of complaint herein constituted a cloud upon defendant's title to said stock. In such proposed cross-bill defendant prayed that the court would decree that the plaintiff had no title or claim in any capacity to said stock and that defendant was the lawful owner thereof. The petition for leave to file this amended answer and cross-bill was filed September 5, 1919, and notice was served on plaintiff that it would be brought on for hearing on September 15, 1919. It does not, however, appear that any hearing or argument was ever had on said petition. On September 18th defendant, by one of her attorneys, not a resident of this district or admitted to practice in this court, obtained, ex parte and without any notice to opposing counsel, an order, made by a judge of another district sitting by designation in this district, dismissing the bill of complaint without prejudice, and with such costs as the defendant should be entitled to tax.

[1] On September 23, 1919, defendant filed his motion to set aside the order last mentioned, on various grounds. It is urged, in support of such motion, that the order complained of was entered on the motion of an attorney not admitted or authorized to practice in this court, and that said order was made without notice to any of the attorneys for defendant, and without notice to any of the resident attorneys for the plaintiff. On this motion to set aside the dismissal, however, plaintiff is represented by an attorney admitted to practice in this court, and as the defendant has now had ample opportunity to present objections to the dismissal of the bill, and in view of the provision of rule 19 of the federal equity rules (198 Fed. xxiii, 115 C. C. A. xxiii) that "the court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties," the present motion should be disposed of upon its merits, involving the question whether plaintiff is entitled to the dismissal which she seeks.

[2] It is well settled, at least in the federal courts, that a plaintiff who has filed a bill is entitled, at any time before a hearing thereon, to a dismissal thereof, conditioned upon payment of the costs incurred, unless such dismissal will deprive the defendant of the right to claim affirmative relief prayed by the latter in a cross-bill filed before the filing of the motion to dismiss, or unless such dismissal will result in substantial prejudice to the defendant, other than the prospect of further litigation thereby rendered possible, regarding the same subject-matter as that involved in the bill. Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Connecticut & P. R. R. Co. v. Hendee (C. C.) 27 Fed. 678; American Zylonite Co. v. Celluloid Mfg. Co. (C. C.) 32 Fed. 809; Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 Fed. 1015; Penn Phonograph Co. v. Columbia Phonograph Co., 132 Fed. 808, 66 C. C. A. 127 (C. C. A. 3); Gilmore v. Bort (C. C.) 134 Fed. 658; Morton Trust Co. v. Keith (C. C.) 150 Fed. 606; Houghton v. Whitin Machine Works (C. C.) 160 Fed. 227; Thomson-Houston Electric Co. v. Hol-

land (C. C.) 160 Fed. 768; Harding v. Corn Products Refining Co., 168 Fed. 658, 94 C. C. A. 144 (C. C. A. 7); E. G. Staude Co. v. Labombarde (D. C.) 229 Fed. 1004; Young v. J. Samuels & Bro., Inc. (D. C.) 232 Fed. 784; Orr v. Coca-Cola Co., 247 Fed. 452, 159 C. C. A. 506 (C. C. A. 9).

[3] I cannot avoid the conclusion that the dismissal of this bill would not result in such substantial prejudice to the defendant, within the meaning of the rule just stated, as can deprive the plaintiff of the right to such dismissal on the terms provided in the order complained of. While it is undoubtedly a hardship and an injustice which defendant will be compelled to suffer by the action of the plaintiff in first charging him with this fraud and then denying him, against his protests, the opportunity to defend himself against such a charge, yet I am satisfied that plaintiff is within her legal rights in demanding the dismissal of her bill. It will be noted that no cross-bill was ever actually filed. The filing thereof after the motion to dismiss would, of course, be too late. Tower v. Stimpson (C. C.) 175 Fed. 130.

It is therefore unnecessary to consider the contention of plaintiff that the paper sought to be filed by defendant as a cross-bill was in reality such a pleading, or whether its allegations and prayer for relief related so closely to matters of defense rather than affirmative relief that even the seasonable filing thereof would not have deprived plaintiff of the right to the dismissal of her bill. Gilmore v. Bort, supra; United States v. Reese (C. C.) 166 Fed. 347.

The motion to set aside the order dismissing the bill must be denied, and an order entered in conformity with the terms of this opinion.