## SGOBEL & DAY v. CRAVEN.

(Circuit Court of Appeals, Ninth Circuit. November 1, 1926.)

### No. 4918.

1. Courts ⬢⟾351½—On motion for dismissal without prejudice, practice in federal court follows procedure prescribed by state statute (Or. L. § 182; Conformity Act [U. S. Comp. St. §§ 1537, 1539, 1540]).

On plaintiff's motion for dismissal without prejudice, practice in federal court follows procedure prescribed by state statute (Or. L. § 182), in view of Conformity Act (U. S. Comp. St. §§ 1537, 1539, 1540), but use of identical phraseology is not required.

2. Dismissal and nonsuit ⬢⟾19(2).

Defendant's counterclaim will not, under Or. L. § 182, prevent granting of plaintiff's previously filed motion for dismissal without prejudice.

3. Courts ⬢⟾351½—Judgment in federal court of dismissal without prejudice held proper; "motion to dismiss without prejudice" (Or. L. § 182; Laws Or. 1923, p. 18).

Judgment in federal court of "dismissal without prejudice" held proper, notwithstanding that Or. L. § 182 provides only for nonsuit, in view of Laws Or. 1923, p. 18, since "motion to dismiss without prejudice" is in every real sense a motion for nonsuit.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Motion to Dismiss.]

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action at law by W. T. Craven against Sgobel & Day, removed from the state court by defendant. Judgment of dismissal without prejudice on motion of plaintiff, and defendant brings error. Affirmed.

Robert R. Rankin, of Portland, Or., for plaintiff in error.

B. L. Eddy, of Roseburg, Or., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. Defendant in error brought an action at law in the state court for recovery of money on contract, and by the plaintiff in error it was removed to the federal court. The record of removal was filed on December 15, 1925, and on the same day the plaintiff below filed a motion for a dismissal without prejudice. The motion was continued to January 4, 1926, upon which day it was duly submitted, and was allowed. At the same time defendant below filed an answer to the complaint, incorporating therein a counterclaim. Upon allowing the motion to dismiss, the court "ordered and adjudged that said causes of action, defined in plaintiff's complaint, be and the same are hereby dismissed without prejudice to plaintiff again bringing action upon any one or all of them, provided that costs herein are paid to defendant, and said counterclaim of defendant is also dismissed without prejudice to defendant again renewing said counterclaim."

[1] Under the Conformity Act (Comp. St. §§ 1537, 1539, 1540), the practice in such cases follows as nearly as may be the procedure prescribed by the state statute. Section 182

of the Oregon Laws (1920) provides: "Judgment of nonsuit may be given against the plaintiff as provided in this chapter: (1) On motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense."

[2] One assignment, made but not pressed, is that the court below erred in dismissing the case because the defendant's counterclaim was filed before the judgment of dismissal was entered. But the motion to dismiss was filed long before and defendant could not defeat it by thereafter filing a counterclaim. 18 C. J. 1159; Walker v. Hernandez, 42 Tex. Civ. App. 543, 92 S. W. 1067.

[3] The other assignment, argued at some length, rests upon nothing more substantial than pure legalism. In effect it is that, because the lower court must follow the state procedure as nearly as may be, and that the state statute provides not for a "dismissal," but for a "nonsuit," the motion for and the ensuing judgment of "dismissal without prejudice" were erroneous, if not wholly ineffective. But the conformity statute does not require federal courts to use the identical phraseology of the state procedural statutes, and in every real sense a motion to dismiss without prejudice is a motion for a nonsuit, and a judgment entered in response thereto is a judgment of nonsuit. Haldeman v. U. S., 91 U. S. 584, 23 L. Ed. 433; Ex parte Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912; 9 R. C. L. p. 192, § 3; 18 C. J. p. 1145, § 1; Id. pp. 1147, 1148, § 3; Id. pp. 1157, 1158, § 25. The cases cited from the Oregon Supreme Court by plaintiff in error do not, when correctly analyzed, lend substantial support to its contention. They are Hoover v. King, 43 Or. 281, 72 P. 880, 65 L. R. A. 790, 99 Am. St. Rep. 754; Mulkey v. Day, 49 Or. 312, 89 P. 957; Haney v. Parkison, 72 Or. 249, 143 P. 926, Ann. Cas. 1916D, 1035; Johnstone v. Chapman Timber Co., 79 Or. 674, 156 P. 286. They should be considered in the light of more recent state legislation (chapter 10, p. 18, General Laws of Oregon for 1923) and Bank of Jordan Valley v. Duncan, 105 Or. 105, 209 P. 149, Lane v. Ball, 83 Or. 404, 160 P. 144, 163 P. 975, and Potter Realty Co. v. Derby, 75 Or. 563, 147 P. 548.

It is not without some significance that Judge Wolverton, who rendered the judgment complained of, was for many years a member of the Supreme Court of Oregon, and was one of the three justices rendering the decision in Hoover v. King, upon which plaintiff in error chiefly relies.

We find no merit in the assignments, and accordingly the judgment is affirmed.