## RUSSO–ASIATIC BANK v. GUARANTY TRUST CO. OF NEW YORK.

District Court, S. D. New York.
Feb. 16, 1939.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant.

Cravath, de Gersdorff, Swaine & Wood, of New York City, for intervenor Millard.

Natanson, Pack & Scholer, of New York City, for receivers.

PATTERSON, District Judge.

The suit was commenced in 1919 by the plaintiff, then or formerly a Russian corporation, for an accounting and for payment of an alleged balance due to the plaintiff. It has never been tried on the merits. In 1936 one Millard was permitted to intervene, over the defendant's opposition. In his pleading, called an answer and cross-bill, Millard alleged that the plaintiff was entitled to an accounting from the defendant and that an accounting would show a balance due the plaintiff of upwards of $2,-000,000; that the Chinese government had a valid claim against the plaintiff for more than $3,000,000 which the Chinese government had assigned to Millard; and that in 1933 Millard commenced an action against the plaintiff in the New York Supreme Court to recover on the claim and in that action levied attachment on the defendant and thus had a lien on the debt owed by the defendant to the plaintiff. The relief asked for by Millard was that the defendant account to the plaintiff, that Millard have judgment against the plaintiff for $3,000,000 with interest, that it be decreed that Millard acquired a valid lien by attachment on any sum due from the defendant to the plaintiff, and that the defendant be directed to pay to the sheriff of New York County pursuant to the attachment any sum found due from the defendant to the plaintiff.

The defendant put in an answer to Millard's pleading on June 22, 1936. On July 14, 1937, the defendant served notice of motion for leave to serve an amended answer. By consent this motion was post-, poned and was not heard until January, 1939. The stipulation of postponement provided that the motion be deemed made and heard in July, 1937. This motion is the first of the three motions argued at the same time and now presented for decision. In the proposed amended answer the defendant sets forth a counterclaim against Millard, showing that it has a claim of more than $1,000,000 against Millard's assignor, the Chinese government, arising out of an interest in a note made by that government and acquired by the defendant prior to the assignment to Millard. This claim has no connection with the claim sued on by the plaintiff in this case. The defendant asserts this claim as an equitable setoff to Millard's claim.

The second motion for decision is one made by Millard in December, 1938, to withdraw from the case. The reason given is that his presence is unnecessary. It is quite evident, however, that he desired to avoid litigation of the counterclaim which the defendant seeks to interpose. He does not dispute that his assignor, the Chinese government, is indebted to the defendant for the amount claimed.

The third motion is by Steingut and Blodgett, receivers of the plaintiff's assets appointed by the New York Supreme Court. The motion is for leave to intervene and for substitution of the receivers as parties plaintiff in place of Russo-Asiatic Bank. At the oral argument the receivers stated that they desired to withdraw their motion. The defendant, however, insists that no withdrawal be permitted.

The motion by the defendant for leave to plead a counterclaim against Millard and the motion by Millard for leave to withdraw will be considered together. Prior to the taking effect of the new rules, it was recognized practice in equity cases that the plaintiff had the right to discontinue suit at any time, provided the defendant could show no prejudice beyond the possible vexation of being sued later on the same claim. Ex parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. The right to discontinue was sometimes modified by local rules of court. Bronx Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657. And where the defendant had put in a counterclaim before the plaintiff moved for voluntary dismissal, dismissal would generally be denied. Chicago & Alton R. Co. v. Union Rolling-Mill Co., 109 U.S. 702, 3 S.Ct. 594, 27 L.Ed. 1081; Hat-Sweat Mfg. Co. v. Waring, C.C.N.Y., 46 F. 87; Detroit v. Detroit City R. Co., C.C.Mich., 55 F. 569. In cases where the plaintiff's motion to discontinue and the defendant's motion for leave to file a counterclaim came on for hearing together, the plaintiff

was entitled to a discontinuance if his motion was the first in point of time. Tower v. Stimpson, C.C.Mass., 175 F. 130; Sgobel & Day v. Craven, 9 Cir., 15 F.2d 364; see also cases collected in 71 A.L.R. 1001.

By the new rules a plaintiff's right to discontinue is somewhat more limited. Rule 41(a), 28 U.S.C.A. following section 723c, is to the effect that a plaintiff may have voluntary dismissal as of course by filing notice prior to service of answer or by filing stipulation signed by all parties; but in all other cases dismissal at the plaintiff's instance shall be by order of court and only on proper terms and conditions, and where a counterclaim has been pleaded prior to service of the plaintiff's motion to dismiss, the action will not be dismissed over the defendant's objection unless the counterclaim can remain pending for independent adjudication. By Rule 41(c), these provisions are applicable also to dismissal of counterclaims, cross-claims and third-party claims.

◼ In the present case the defendant, having already answered Millard's cross-claim, moved in due course for leave to serve an amended answer with counterclaim or setoff. The motion was made in July, 1937, and while it was not brought on for argument until January, 1939, the stipulation postponing it contained a clause that it should be deemed made and heard in July, 1937. The motion had merit. The defendant had no adequate remedy to enforce its claim against the Chinese government, the real party in interest behind Millard. Under such conditions the pleading of the claim as a set-off is favored in equity. North Chicago Rolling-Mill Co. v. Ore & Steel Co., 152 U.S. 596, 14 S.Ct. 710, 38 L.Ed. 565; United States v. National City Bank, 2 Cir., 83 F.2d 236. The defendant's affidavits showed sufficient excuse for the delay in tendering the setoff. The motion, if heard in July, 1937, would have been granted almost as of course.

This being the case, the defendant's right to the relief prayed for should not be cut off by the fact that some 17 months later Millard made a motion for leave to abandon his cross-claim and to withdraw from the case. See Tower v. Stimpson, supra; Sgobel & Day v. Craven, supra. For all practical purposes the defendant had pleaded the counterclaim against Millard before service of Millard's motion for voluntary dismissal. The defendant's motion to amend the answer and plead a counterclaim against Millard will therefore be granted, and Millard's motion for leave to withdraw from the suit will be denied. Whether the result would have been the same without the stipulation that the defendant's motion be deemed made and heard as of July, 1937, need not be decided.

◼ I have not overlooked Millard's argument that in his cross-bill the ultimate relief sought is that the debt said to be owed by the defendant to the plaintiff be paid over to the sheriff of New York County to honor Millard's alleged attachment. Millard asserts that there are other attachments in the sheriff's hands, some of which may be prior to his, and that consequently this court is not in a position to give effect to the asserted set-off. But it is by no means clear at this stage of the case that any moneys found due to the plaintiff initially will be turned over to the sheriff. Whether the set-off to be pleaded by the defendant will reduce or extinguish Millard's claim cannot be determined presently. It suffices now to hold that it might.

◼ The motion by the receivers appointed by the state court for leave to intervene as parties plaintiff will be deemed withdrawn without prejudice. The receivers at the argument indicated that they had changed their minds about intervening at the present time and asked that the motion be denied without prejudice. In this they were clearly within their rights.