# WASHINGTON COUNTY.

JOHN P. LEWIS *et al. vs.* THE TOWN OF NORTH KINGSTOWN *et als.*

A bill in equity charged that the complainants were owners in possession of a lot from which the respondents, town officers, were purposing to remove a building, and then to grade down the lot, to obliterate its boundaries and to make it a part of a highway. The bill prayed for an injunction and for general relief.

*Held*, that the case stated fell within the class of cases in which threatened trespasses are enjoined.

The respondents admitted their purpose of removal and grading, claiming that the lot had long been a part of the highway, and that the building had stood by the sufferance of the

town. They subsequently filed a supplemental answer in which they set forth that they had removed the building and graded down the lot, and claimed that the complainants' remedy at law was complete. General replications were filed to both answers, and the respondents moved that the bill be dismissed.

*Held,* that the motion should be denied. A respondent cannot *pendente lite* oust the court from its jurisdiction by committing the very acts which the bill was filed to enjoin.

*Held,* further, that when respondents so commit such acts the court will give compensation to the complainants and award damages as in a case at law.

*Held,* further, that to obtain such compensation the complainants should be allowed, if necessary, to amend their bill.

BILL IN EQUITY for an injunction. On motion to dismiss the bill.

*Providence, October* 29, 1887. DURFEE, C. J. The bill sets out that the complainants are owners in possession of a lot of land situate on Washington Street in the village of Wickford, in the town of North Kingstown, in highway district No. 37 of said town, on which lot there is a building belonging to them; that the defendant, John H. Weeden, the surveyor of highways of said district, acting under order of the town council of said town, the members whereof are likewise made defendants, has entered on said lot, and is engaged in razing said building and taking away the foundations, for the purpose of removing said building and foundations and grading said lot, thereby throwing the estate open to the public and obliterating its boundaries, to the irreparable injury of the complainants. The bill prays that the defendants may be enjoined from carrying out their purposes, and from further interfering in any way with the estate, and for general relief. The bill was filed February 28, 1885. The defendants by their answer filed May 27, 1885, admit that they are or were doing as charged, but deny that the lot is part and parcel of the estate of the complainants, and allege that it is and ever has been, from a time when the memory of man runneth not to the contrary, part and parcel of a public highway, and that the building had stood thereon by sufferance of the town. The defendants, also, by supplemental answer filed September 28, 1886, allege that their purposes have been fully carried out by removing the building and foundations and grading the lot, and set up that the complainants ought not to maintain their bill because their remedy is complete at law. To both answers the complainants have filed general replications.

In this state of the pleadings the defendants move that the bill be dismissed because the complainants have an adequate remedy at law, and in support of their motion contend : *first*, that the bill does not state a case for equitable relief ; and *second*, if it does, that the case stated has ceased to exist by reason of the removal of the building and foundations and the grading of the lot.

It is true that, in case of threatened trespasses, courts of equity generally leave the suffering party to his remedy at law; but when such party is in possession, and the trespass, if permitted, would result in irreparable injury, or tend to the destruction of the estate, the courts interpose by injunction. In the case at bar the bill averred that the defendants were purposing, when the bill was filed, not only to remove the building from the lot belonging to the complainants, thus destroying a portion of. their estate, but also to grade the lot, thus obliterating its boundaries and throwing it open to use as a part of the highway, so that in order to reach a complete remedy the complainants might not only have to prosecute the defendants for their damages, but also to establish their right as against the public. We think the case as stated in the bill falls within the class of cases in which threatened trespasses are enjoined. *Winslow* v. *Nayson*, 113 Mass. 411, 421; *Fox* v. *Fitzsimmons*, 29 Hun, 574, 579 ; *McPike* v. *West*, 71 Mo. 199 ; *Erwin* v. *Falk*, 94 Ind. 235 ; *Gilbert* v. *Arnold*, 30 Md. 29 ; Kerr on Injunctions, *295. ·

We do not think the motion should be granted because of the statements of the supplemental answer, since those statements are controverted by the replication. Moreover, if they were admitted we do not think they would make a case for dismissal. It ought not to be in the power of a defendant in an injunction bill to oust the court of its jurisdiction by committing, *pendente lite*, the very acts to prevent which the suit was begun, and such, we think, is the law. " It is well settled," says the Supreme Judicial Court of Massachusetts, " with little or no conflict of authority, that when a defendant in a bill in equity disenables himself, pending the suit, to comply with an order for specific relief, the court will proceed to afford relief by way of compelling compensation to be made, and for this purpose will retain the bill and determine the amount of such compensation, although its nature and measure

are precisely the same as the party would otherwise recover as damages in an action at law." See *Milkman* v. *Ordway*, 106 Mass. 232, a case which contains a very full citation and discussion of authorities, and goes even beyond the passage quoted. See, also, Story Eq. Juris. 12th ed. §§ 794, 799. It may be that an amendment of the bill, setting forth the acts committed by the defendants *pendente lite*, will be necessary, notwithstanding the supplemental answer, if the complainants desire not only an injunction from further interference but also an award of damages, but if so the complainants should have an opportunity to make it.

*Motion dismissed.*

*Samuel W. K. Allen*, for complainants.
*William C. Baker*, for respondents.