JAMES R. HEADLEY, PROSECUTOR, v. ADELINE PENN.

Submitted December 3, 1909—Decided January 13, 1910.

A justice of the peace has no jurisdiction to try the right of a claimant to goods and chattels held by a constable by virtue of a levy under an execution, as provided in section 62 of the Small Cause act (*Pamph. L.* 1903, *p.* 251), if the plaintiff, upon notice by the claimant to the constable of his claim, shall indemnify the officer against the demand of the claimant.

On *certiorari*.

The plaintiff had a judgment against one William Bently, entered in the Court for the Trial of Small Causes before a justice of the peace, and under an execution issued thereon the constable levied upon certain goods and chattels as the property of the defendant, which Adeline Penn claimed, and giving notice of such claim to the constable she applied to a justice of the peace for a *venire* to summon a jury to try her

right to the property, whereupon the plaintiff indemnified the constable against the demand of the claimant, and notwithstanding the giving of such indemnity the justice proceeded to summon a jury. No notice of the trial was given to the plaintiff, although he appeared at the trial for the sole purpose of objecting to the jurisdiction of the justice—*first,* because no notice of the trial was given him as required by the act; *second,* because he had indemnified the constable against the demand of the claimant. These objections were overruled and in the absence of the plaintiff the justice proceeded with the trial, and the jury found for the claimant. These proceedings are now under review.

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Henry O. Burt.*

The opinion of the court was delivered by

BERGEN, J. The proceedings brought up by this writ must be set aside. Not only was the plaintiff entitled to notice of the day fixed for the trial of the right of the claimant to the goods, but the constable is bound to suspend any further proceedings looking to the trial of claimant's right to the property when he is indemnified against the claim, and to proceed to sell as if no such claim had been made, and when, as in this case, it was made to appear to the justice of the peace that the indemnity had been given the constable, he had no jurisdiction to try claimant's right.

The proceedings assailed will be set aside.