ALLIED CHEMICAL & DYE CORPORATION, a corporation of the State of New York, and BY-PRODUCTS COKE CORPORATION, a corporation of the State of New York (Intervenor),

*vs.*

THE STEEL AND TUBE COMPANY OF AMERICA, a corporation created by and existing under the laws of the State of Delaware, CLAYTON MARK, HERBERT H. SPRINGFORD, ARMIN A. SCHLESINGER, HARRISON WILLIAMS, W. M. L. FISKE, EDWARD G. WILMER, LEONARD KENNEDY, ANSON MARK, CHARLES F. FAWSETT, GEORGE P. MILLER, FRANK F. CORBY, ADDISON H. BEALE, D. R. McLENNAN, HARRY COULBY, CHARLES T. BOYNTON, CLINTON S. LUTKINS, E. D. WINKWORTH and C. D. CALDWELL, Directors of the said The Steel and Tube Company of America; CLARENCE DILLON, ROLAND L. TAYLOR, JOSEPH H. SEAMAN, JOHN W. HORNER, JR., JAMES DEAN, R. W. MARTIN, WILLIAM A. PHILLIPS, W. M. L. FISKE, WILLIAM A. READ, JR., E. J. BERMINGHAM and J. V. FORRESTAL, co-partners doing business under the firm name and style of Dillon, Read & Company; CLARENCE DILLON, ARMIN A. SCHLESINGER, HERBERT H. SPRINGFORD and EDWARD G. WILMER, as Trustees, and THE YOUNSTOWN SHEET & TUBE COMPANY, a corporation created by and existing under the laws of the State of Ohio.

## *New Castle, Jan.* 6 1925.

Taking of testimony on motion to dissolve preliminary injunction was not the taking of proofs on "hearing of a cause," within Rules of Court of Chancery, No. 79, providing that, after taking proofs on such hearing has been begun, complainant shall not be allowed to dismiss bill, except for good cause.

Defendant's prayer in cross-bill for injunction against prosecution of suits by complainants elsewhere for same cause of action is not claim for affirmative relief, precluding dismissal of bill without prejudice as a matter of course.

In stockholders' suit against corporation to prevent alleged fraudulent sale of assets, defendant's prayers in cross-bill for decree declaring sale valid, and not tainted by fraud, *held* not claim for affirmative relief, precluding dismissal by complainants without prejudice as a matter of course.

A cross-bill should not introduce new and distinct matters not embraced in the original suit.

Stockholders, suing to enjoin corporation from selling assets, could dismiss bill without prejudice after corporation had made the sale and had concluded to distribute proceeds to stockholders in the form of a reduction of its authorized capital, notwithstanding corporation's prayers in cross-bill for decree that reduction of stock was valid, and for order to stockholders to surrender certificates in exchange for shares due under plan of stock reduction, since such prayers introduced new matters as to which corporation was not entitled to relief on cross-bill.

Where a decree, whether final or interlocutory, has been made, by which the rights of the party defendant have been adjudicated, or such proceedings have been taken as entitles defendant to a decree, complainants will not be allowed to dismiss bill without consent of defendant.

A denial of a motion for preliminary injunction after hearing on bill and affidavits gives defendant no right precluding complainants from dismissing bill without defendant's consent.

Order dissolving preliminary injunction after a hearing *held* not decretal order in defendant's favor, precluding dismissal by complainants without defendant's consent; finding of fact recited therein not being final.

The Court of Chancery has no power *sua sponte* to examine into the internal management of domestic corporations, but its jurisdiction in that regard must be invoked by parties in interest.

That defendant being sued by its stockholders is a domestic corporation does not preclude stockholders from dismissing suit without prejudice, on theory that, stockholders having begun suit, Chancery should examine into internal management of the corporation.

Mere fact that controversy may not be finally adjudicated for many years does not preclude dismissal of suit by complainants, since prospect of being harassed by future litigation is not such prejudice as gives defendants a right to continuation of present suit.

The mere fact that corporation, being sued by stockholders to prevent sale of assets to other corporation, proceeded to consummate the sale, break up its organization, and become a mere shell, in reliance on order dissolving preliminary injunction, does not preclude stockholders from dismissing suit.

Dissolution of preliminary injunction is not conclusive of the facts and law.

Dissolution of preliminary injunction after hearing did not preclude complainants from dismissing bill on theory that there had been a complete finding on the merits, notwithstanding court's suggestion on hearing to produce evidence in as complete and searching manner as if cause were on final hearing.

MOTION TO DISMISS BILL WITHOUT PREJUDICE, and for leave to file an amended answer and cross-bill. This cause was before the Chancellor on a motion for a preliminary injunction *ante p.* 1, on motion to dissolve a preliminary injunction, *ante* p. 64 and on a second motion for preliminary injunction *ante p.* 117.

On January 14, 1924, the defendant, The Steel and Tube Company of America, presented an application for leave to file an amended answer and cross-bill, a copy of which was submitted with the application. This application was not immediately pressed, the parties to the cause resting under some sort of truce until now.

On October 3, 1924, the truce having expired, the complainants moved to dismiss their bill without prejudice, and the Steel & Tube Company urged its application to file an amended answer and cross-bill.

The complainants' motion and the Steel and Tube Company's application came on to be heard at the same time. On the day of the hearing The Youngstown Sheet & Tube Company, which is a non-resident corporation and had not theretofore appeared, duly entered its appearance in the cause.

*William S. Hilles*, and *Nathan L. Miller* and *Frederic Cunningham, Jr.*, both of New York City, for the complainants.

*Robert H. Richards*, and *Joseph P. Cotton*, of New York City, *Leroy A. Manchester*, of Youngstown, Ohio, and *Boykin Wright*, of New York City, for The Steel and Tube Company of America and The Youngstown Sheet & Tube Company.

THE CHANCELLOR. The complainants' motion to dismiss the bill without prejudice will be considered as though the amended answer and cross-bill had been duly filed in pursuance of leave. This is the setting most adverse to the complainants in which to

place their motion.   But even so, I think the motion must be granted for the reasons which follow.

"A plaintiff," says Daniell in the fourth edition of his work on *Chancery Pleading and Practice, vol. 1, p.* 792, "may in general obtain an order to dismiss his own bill, with costs, as a matter of course, at any time before decree."   Mr. Chief Justice Taft in the case of *In re Skinner & Eddy Corp.*, 265 *U. S.* 86, 44 *Sup. Ct.* 446, 68 *L. Ed.* 912, says: "It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing," and the dismissal is without prejudice and of course.   In *Young v. Samuels & Bro., Inc.*, (*D. C.*) 232 *Fed.* 784, it was said that the right of the complainant to dismiss his bill as of course continues until that stage of the litigation is reached where the material is present for a final judgment.   Chancellor Walworth in *Cummins v. Bennett*, 8 *Paige* (*N. Y.*) 79, makes the right end with an interlocutory or final decree.   See also *Carrington v. Holly*, 1 *Dick.* 280.   The foregoing references are enough, without more, to indicate that some confusion exists in the authorities as to just when in the course of the litigation the complainant's absolute right to dismiss is terminated.   In Delaware there can be no question about the matter because of the following rule adopted by this court in the 1917 revision:

"*Rule* 79.  When a hearing of a cause has  been commenced, and the taking of proofs upon such hearing has been begun by the complainant upon his bill, or by the defendant upon his cross-bill, the complainant shall not be allowed to dismiss his bill or the defendant his cross-bill, except upon good cause shown and by special order; and in case of the failure of the complainant to further prosecute his bill or the defendant his cross-bill, after hearing of proofs thereunder has been begun by him, the complainant or defendant, instead of applying to dismiss the bill or cross-bill (as the case may be) for want of prosectuion, may apply for leave to proceed to final decree upon the hearing, notwithstanding the failure of the complainant in the bill or cross-bill to take further proofs, or to further appear regularly at the hearing, and upon such application being granted, may so proceed to final decree."

The purpose of this rule, as I conceive, is simply to render definite the practice in this State.   Whatever might theretofore have been the right of the complainant to dismiss his bill before decree, the rule now provides that if the cause has advanced to the point of a hearing commenced and the taking of proofs, the com-

plainant cannot dismiss his bill as of course, but must show good cause and obtain a special order. As to the complainant's right of dismissal at any stage *before* the commencement of the hearing and the taking of proofs, the matter is undisturbed by the new rule. It is left subject to the law as theretofore understood. I do not conceive that our *Rule* 79, *supra*, confers upon the complainants any more right to a dismissal of their bill prior to hearing and proofs than they had previously enjoyed. Nor are their rights in this respect in anywise curtailed by the rule. This cause has not proceeded to the point of the commencing of a hearing and the taking of proofs. The taking of testimony on the motion to dissolve the preliminary injunction was not the taking of proofs on a hearing within the meaning of the rule. The contention of the defendants that it was stipulated by the parties in open court that the testimony to be taken on the motion to dissolve should be testimony for the final hearing is founded on a misapprehension. The record, of course, shows no such stipulation, and my own recollection is quite to the contrary. Indeed the then sole defendant firmly rejected all suggestions to the effect that the parties proceed immediately to a final hearing. Though an answer had been filed, the appearing defendant was unwilling to forego its right to hold off the hearing until such time as the rules compelled. It is not material to amplify what was said by me on which the present theory of a stipulation is based. My remarks were directed solely to an arrangement whereby any part of the testimony on the motion to dissolve which might be produced by either side, if desired to be used when the cause came to final hearing, might be so used if desired and the time and expense thus avoided of recalling witnesses. I could see no good reason why the same testimony should be taken twice. In the main the foregoing was the substance of my remarks to which both sides agreed. I repeat, the defendant opposed any suggestion to have the cause set down for proofs on final hearing. The cause has not, therefore, proceeded to the point where it falls within the terms of *Rule* 79 as is contended by the defendants. The complainants' motion to dismiss must then be considered in the light of the law as it was before the promulgation of the rules of 1917, and as though *Rule* 79 had never been adopted.

Considering the case therefore as uncontrolled by any special rule, what is the answer which should be given to the complainants' motion? Notwithstanding the general rule which would allow the complainants at this stage of their case to secure a dismissal of their bill as of course and without prejudice upon payment of costs, yet there are exceptions to its operation. In *Western Union Telegraph Co. v. American Bell Telegraph Co., (C. C.)* 50 *Fed.* 662, Judge Colt used this language:

"These exceptions are based upon the principle that a complainant should not be permitted to dismiss his bill when such action would be prejudicial to the defendant. But this does not mean that it is within the discretion of the court to deny the complainant this privilege under any circumstances, where it might think such dismissal would work a hardship to the defendant, as, for example, where it might burden him with the trouble and annoyance of defending against a second suit; but it means that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill."

This very lucid statement of the rule governing the exceptions points out the two classes of circumstances which in general constitute the sort of prejudice to the defendant to which we refer when we speak of the limitation upon the complainants' right to dismiss, viz., the right, or the assertion by the defendant of a claim, to affirmative relief, and, secondly, the acquisition by him of some right during the progress of the cause. The circumstances surrounding the present case will now be examined with the view of seeing if anything can be found therein which brings the defendants within either of these classes.

First. Is there any claim of right to affirmative relief against the complainants? If there is such right it is predicated on the cross-bill which is sought to be filed. I am now treating the case as though the cross-bill had in fact been allowed to be filed. So considering it, let us see what relief the cross-bill seeks. These are its prayers:

(a) That the contract attacked by the bill be decreed to have been properly made and untainted by the frauds alleged in the bill.

(b) That the sale consummated since the dissolution of the

preliminary injunction be decreed to be lawful and untainted by fraud.

(c)   That the reduction of its capital stock by the Steel and Tube Company be decreed to be valid.

(d)   That the complainants be ordered to surrender the certificates of stock held by them as stockholders of the Steel and Tube Company in exchange for shares due them under the plan of stock reduction adopted by the company.

(e)   That a suit which the complainants have instituted in the United States District Court for the Northern District of Illinois, Eastern Division (in which *mutatis mutandis* they seek practically the same relief as here),  and all other suits of a similar nature involving the same subject-matter or cause of action, shall be temporarily and thereafter perpetually enjoined.

This being the nature of the proposed cross-bill, let us inquire whether it sets up such a right to affirmative relief as entitles the defendant to insist upon the continuation of the litigation notwithstanding the unwillingness of the complainant.

With respect to the relief sought under (e), viz., an injunction against suits elsewhere for the same cause of action as here complained of, it is well settled that it is not such affirmative relief as is contemplated by the rule which gives the defendant a right to defeat the complainants' motion to dismiss.  The prejudice to the defendant must be other than "the mere prospect of being harassed and vexed by future litigation of the same kind."  *City of Detroit v. Detroit City Ry. Co.*, (C. C.) 55 *Fed.* 569; *Pullman's Palace Car Co. v. Central Transportation Co.*, 171 *U. S.* 138, 18 *Sup. Ct.* 808, 43 *L. Ed.* 108; *In re Skinner & Eddy Corp.*, 265 *U. S.* 86, 44 *Sup. Ct.* 446, 68 *L. Ed.* 912; *Allington, et al., v. Shevelin-Hixon Co.*, in the, United States District Court, District of Delaware, 2 *Fed.* (2d) 747.

With respect to the relief sought under (a) and (b), viz., a decree declaring the contract which the bill attacks as having been improperly and fraudulently made not to have been so made, it is apparent that this is but another way of asking the court in the interest of the defendant to decide once for all the question in controversy and, so far as the present point is concerned, not to permit it to be discontinued here only to be reagitated elsewhere. This being so, the principle just pointed out in the preceding

ALLIED CHEM. & DYE CORP. vs. STEEL & TUBE CO.      375

Opinion.

paragraph is applicable, and the relief asked for under (a) and (b), being directed only against further litigation, is not such affirmative relief as entitles the defendants to object to the dismissal. The complainants in their bill say a certain contract was improperly and fraudulently made, and ask that its completion be enjoined; the defendants by their cross-bill say the same contract was not so made and ask that the court so decree. In substance the cross-bill in this particular simply takes issue with the allegations of the bill. Now, according to Judge Story, "a cross-bill which seeks no discovery and makes no defense, which was not equally available by way of answer to the original bill, will be dismissed." *Story's Equity Pleading*, (*6th Ed.*) § 389. With respect to those of its aspects now being noticed, the present cross-bill falls within this principle. To the extent that it does not go beyond the scope of an answer, it is, on the present motion, entitled to no recognition. But it extends in point of form beyond the scope of an answer in that it seeks a decree declaring the contract attacked by the bill to have been properly made and without any taint of fraud.. In these circumstances, if the cross-bill is allowed to have any effect beyond that of an ordinary answer denying the equity of the bill, it can only be in the way of preventing the complainants through the principle of *res adjudicata* from again pressing the same issue in another suit. Thus the cross-bill in relation to those of its aspects embraced in (a) and (b), upon analysis comes down to an attempt to prevent future litigation touching the subject-matter of the bill, a sort of claim to relief which, as above pointed out, cannot defeat the right of the complainants to secure a dismissal. The recent case of *Allington v. Shevelin-Hixon Co.*, *supra*, in the United States District Court for the District of Delaware, is in principle similar to the case in hand upon the phase of it now under discussion and supports the conclusion I have just expressed.

With respect to the forms of relief sought by the cross-bill and above noted as (c) and (d), a pertinent principle of equity procedure should be noted. This is that "a cross-bill should not introduce new and distinct matters, not embraced in the original suit; for as to such matters," says Story, "it is an original bill, and they cannot properly be examined at the hearing of the first

suit," *Story's Equity Pleading* (6th *Ed.*) § 401. Tested by this rule it seems very plain to me that those matters of the proposed cross-bill which are covered by (c) and (d) *supra*, are so unrelated to the bill, so new and distinct in their nature that they cannot form the proper basis for relief in a cross-suit. The bill seeks solely to prevent a sale alleged to have been improperly and fraudulently agreed upon. The cross-bill (c) and (d) asks relief concerning the reduction of the capital stock of the defendant vendor and the complainants' refusal as stockholders to take their portion of the reduced capital. The defendants as soon as the injunction was dissolved proceeded with the sale and as a consequence The Steel and Tube Company of America came into possession of a considerable sum in money which it concluded to distribute to its stockholders, using the form of a reduction of its authorized capital to do so. The complainants as stockholders have not consented to what has thus been done. Granting that The Steel and Tube Company of America has a right to proceed against the complainants in connection with these matters, it nevertheless is impossible to see how it can do so on any theory that they are germane to the controversy relating to the contract of sale which the complainants have raised by their bill. The cross-bill in seeking relief under (c) and (d) is not therefore sustainable, and accordingly presents no obstacle in the way of a dismissal of their bill by the complainants if otherwise they are entitled to dismiss.

From the foregoing it appears that in no aspect of the matter can the cross-bill, even if considered as actually filed, be said to present such a claim for affirmative relief as will except the complainants' right to dismiss from the general rule. But the cross-bill has not yet been filed. The leave asked for has not yet been granted. The complainants contend that this being the situation, the motion to dismiss is not to be prejudiced by the proposed cross-bill. That the motion in such case takes precedence unaffected by the request for leave to file the cross-bill would seem to be correct. *Cowham v. McNider*, (*D. C.*) 261 *Fed.* 714. But I have chosen not to let this branch of the case turn upon this point, preferring rather to rest my conclusion on the other considerations hereinbefore set forth.

The Steel and Tube Company of America is the only one of

the defendants asking leave to file the cross-bill. The Youngstown Sheet & Tube Company has now appeared. But it presents no request to file a cross-bill. In disposing of the point as I have, I have therefore disregarded entirely the Youngstown Company.

Second. Having thus seen that there is nothing in the way of a claim for affirmative relief on the part of the defendants which can operate to except the complainants' right to a dismissal from the general rule, the next and final question to be answered is: Has there been an acquisition by the defendants of some right which they are entitled to enjoy and of which it would be unjust to allow the complainants to deprive them by dismissing the bill without prejudice? It is contended that the proceedings heretofore had in the cause are such as to entitle the defendants to insist that the litigation proceed to a determinative end. The Steel and Tube Company of America is the only one of the defendants which is in position to urge this contention. The Youngstown Company, though named as a defendant, was beyond the reach of process, and never voluntarily appeared in the cause until long after the proceedings were had which are now relied on as creating a right on the part of The Steel and Tube Company of America to insist upon a retention of the bill. In what follows, therefore, though reference is made to the defendants, it is to be understood that the Youngstown Company is excluded from all consideration.

I shall not review the proceedings heretofore had in the cause. It is enough to refer to the fact that there was, first, a granting of a preliminary injunction on affidavits, restraining the completion of the sale; second, a dissolution thereof upon oral testimony taken by an examiner and commissioner; and, third, the refusal of a preliminary injunction restraining the distribution of the proceeds of the sale which on dissolution of the injunction the parties to the contract had proceeded to consummate. Reference to the citations given in the statement preceding this opinion will disclose in greater detail the nature and character of these proceedings.

Where "a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitled the defendant to a decree, the complainant will not be allowed to

dismiss his bill without the consent of the defendant." *C. & A. R. R. Co. v. Union Rolling Mill Co.*, 109 *U. S.* 702, 3 *Sup. Ct.* 594, 27 *L. Ed.* 1081. In such case the defendant has acquired a right which he cannot be deprived of without his consent. The right cannot be prejudiced by the complainant's action, nor can its enjoyment depend upon the discretion of the court. It rests entirely in the defendant's control. All the authorities are to this effect. The same rule applies where a decretal order has been entered. 1 *Daniell, Ch. Pr.* (4th Ed.) p. 793; *Watt v. Crawford*, 11 *Paige* (*N. Y.*) 470; *Bluck v. Colnaghi*, 9 *Sim.* 411; *Bescoe v. Brett*, 2 *V. & B.* 377. It is not claimed that there has been a decree in this case. But the defendants contend that the order dissolving the preliminary injunction is a decretal order within the meaning of the term as above used. They cite no authority to the effect that an order dissolving a preliminary injunction is what is known as a decretal order.

A denial of a motion for preliminary injunction after hearing on bill and affidavits fixes no such right in the defendant as entitles him to insist against the wishes of the complainant upon a continuation of the litigation to a final determination. *Penn Phonograph Co. v. Columbia Phonograph Co.*, 132 *Fed.* 808, 66 *C. C. A.* 127; *Orr. v. Coca Cola Co.*, 247 *Fed.* 452, 159 *C. C. A.* 506; *N. Y. & N. J. Water Co. v. North Arlington*, (*N. J. Ch.*) 75 *Atl.* 177. I am unable to distinguish in principle a case involving the dissolution of an injunction from these cases which involve the refusal of one. The case of *Thomson-Houston Electric Co. v. Holland*, (*C. C.*) 160 *Fed.* 768, was where a preliminary injunction had been issued and necessarily, by reason of a successful appeal against the order directing it, later dissolved. This case therefore seems substantially identical with the instant one, and the court held that no testimony having been taken and no cross-bill having been filed, the defendant could not defeat the complainant's right to dismiss.

The order dissolving the injunction in the instant case is in no sense a decretal order. It fixed and determined nothing. It in no sense changed or altered the situation of the defendant, except to liberate it from the restraint theretofore imposed upon it and restore to it the liberty to do as it might choose pending the litiga-

tion.  So far, however, was this liberation from the restraining process undeterminable of rights, that if what the defendant thereafter did should fail to withstand the tests which a later and final hearing would subject it to, the court would undoubtedly by its decree undo all that had been done so far as its powers could be directed to that end.  Thus far, therefore, no decree nor decretal order has been entered, no proceedings have been taken entitling the defendants to a decree, and no right has been adjudicated or determined in their favor.  While the order dissolving the preliminary injunction recites a finding on facts, yet such finding was in no sense final.  It was based on the proofs taken at a preliminary stage of the case, at a hearing which the then sole defendant deliberately refused to assist in making final, and consequently on proofs which, the complainants are entitled to contend, they might overcome on final hearing.

No case has been cited to me which decides that circumstances such as these disclose the existence of a decree or order of any kind either entered or entitled to be entered, under which the defendants may claim they are possessed of a right which the complainants may not deprive them of by a dismissal of the bill.  I have examined the cases cited by the defendants in this connection and find them all to be cases where the proceedings had reached a stage entirely different from that which has been reached in this case and where rights had unquestionably been fixed.

The case on which the defendants rely as strongest in point in this connection is that of *Pullman Palace Car Co. v. Central Transportation Co.*, reported in 171 *U. S.* 138, 18 *Sup. Ct.* 808, 43 *L. Ed.* 108.  While the Supreme Court of the United States held in that case that the complainant was not entitled to dismiss its bill without the consent of the defendant, yet, as I read the case, it bases nothing on the orders granting and denying an injunction. It does not hold that such orders are decretal in nature. It goes on the point that the tenders made by the plaintiff, the findings made by the court in other litigation, and the desire on the part of the defendant by way of cross-bill to accept the tenders of the plaintiff's bill, constituted such circumstances as gave rights to the defendant which it would be prejudicial to it to deprive it of by allowance of a dismissal.  It is apparent that the cited case is so

dissimilar in its facts as to render it of no assistance in the way of principle in determining the one in hand.

In view of the foregoing, the defendants cannot successfully resist the complainants' motion on the theory that there has been an interlocutory decree or decretal order. Nor have there been any proceedings under which they may claim rights to such decree or order. But conceding this, the defendants nevertheless argue that the complainants are not entitled to have their motion granted on the broad ground that under the circumstances of this case a dismissal would inequitably prejudice their rights. These rights are described as based on what the defendants call the following "fundamental facts," which as they are enumerated will be briefly commented on.

(a) The original complainant deliberately chose this jurisdiction where the principal corporate defendant is domiciled and where it is most appropriate that affairs having to do with the internal management of Delaware corporations should be reviewed. It may be granted that this is the most appropriate forum in which to litigate the questions raised by the bill. This court, however, has no power *sua sponte* to examine into the internal management of the corporate creatures of the State. Its jurisdiction must be invoked by parties in interest who choose to become litigants, and if after becoming such litigants they choose to withdraw, I know of no power which inheres in the court to compel them to remain unless the proceedings have so shaped themselves as to confer a right upon the defendants to insist that the litigation be proceeded with. A resident corporation defendant is in no better position in this respect than is a natural person.

(b) If the bill is dismissed, it may be many years, if ever, before the controversy will be finally adjudicated. This is but another way of saying that the defendants may be annoyed with future litigation. It is well settled that the prospect of being harassed in the future by further litigation is not such prejudice as gives the defendants a right to insist upon the continuation of the present suit. The authorities hereinbefore cited to this effect might be fortified by others both American and English.

(c) The Steel and Tube Company of America in reliance upon the order which dissolved the injunction proceeded to consummate

the sale, broke up its organization and became a mere shell. This is all true. In doing this it did what it could have done if no preliminary injunction had ever issued. If it relied upon the order of dissolution as warrant for its action, it must be regarded as having done so not because the order determined any rights, but solely because it felt that it was safe on the facts, and being no longer under restraint, it was free to act according as the facts in its judgment justified it.

(d) In actual fact, if not in form, there has been a complete finding in its favor on the merits as to the only substantial controversy. This is an erroneous conception to take of the proceedings thus far had, for as I have already said there has been no finding on the merits. Dissolution of a preliminary injunction is no more conclusive of the facts and law than is the granting or denial of one. The defendant, The Steel and Tube Company of America, as I have before indicated, declined to co-operate with the complainants in securing a final hearing in place of a hearing on the motion to dissolve. I suppose they did not care to hazard their case on a final hearing before being advised of what an inconclusive preliminary hearing would produce against them. Now that the result of such an inconclusive hearing is known to them it doubtless appears to them that they are safe in this court. Had it turned out otherwise, they doubtless would have contended, and quite correctly, that they were still free to reagitate the question on final hearing. I mean no criticism of the solicitors for the defendants when I say that in that event we would in all probability have heard nothing of a finding on the merits.

The defendants place emphasis on the remarks I uttered when the order was made for a hearing on the motion to dissolve, to the effect that I desired the parties *as far as possible* to produce their evidence in as complete and searching manner as they would if the cause were on final hearing, and on the statement in the opinion filed when I disposed of the motion, to the effect that the parties had acted in harmony with this suggestion. But nothing can be gathered from these remarks as indicating that the hearing was to be a determinative one on the question of fact there involved. Indeed under the law which governs this court and its procedure I could not have made it such. I suggested to the

parties that they make it final in its nature. But the suggestion was not acceptable to the defendants. Had there been power in the court to do so, the parties would have been compelled to enter upon a final hearing. The sole significance of the remarks upon which the defendants lay such emphasis is that in granting the injunction I was troubled by an insufficiency of satisfying evidence, and so when it came to determining whether I should continue the injunction I desired a showing on the facts sufficiently strong to create in my own mind at least a confidence in my conclusion. Though the litigation was then in a mere preliminary stage, yet, in view of the important consequences that would flow especially from a continuance of the injunction, I appealed to the parties to supply as much in the way of facts as they possibly could if they were on final hearing. Certainly these remarks can in no sense give to the result a significance beyond what the well settled rules of equity procedure would allow.

I fail to find anything in the foregoing "fundamental facts," either separately or in conjunction, which creates such prejudice to the defendants as entitles them to insist upon a retention of the bill to the point of a conclusive decree. The cases cited by the defendants under this head on their brief are clearly distinguishable from the instant one. *Smith v. Carlisle*, 228 *Fed.* 666, 143 *C. C. A.* 188, involved a motion to dismiss after a full hearing before a master who had filed his report in favor of the defendant. It may be classed among those authorities which hold with *Young v. J. Samuels & Bro.*, (D. C.) 232 *Fed.* 784, and *Folger v. Shaw Co.*; *Fed. Cas. No.* 4899, that the plaintiff is not at liberty to dismiss when the case has reached a stage where the means are at hand for the court to make a final decree. At all events the pending case has not proceeded to a point where the principle of the cited one can be applicable. *In re Welsh*, 93 *N. J. Eq.* 303, 116 *Atl.* 23, and *McCarren v. Coogan*, 50 *N. J. Eq.* 268, 24 *Atl.* 1033, fall in the class of cases where cross relief is prayed, and in *Collins v. Ex'rs. of Taylor* 4 *N. J. Eq.* 163, an interlocutory decree had been entered.

I am constrained to the conclusion that no circumstances are found in this case which deprive the complainants of their right to dismiss the bill at the present stage of the case. The hearing of the cause has not commenced, nor has the taking of proofs been

begun, so as to bring *Rule* 79 of this court into play. Nor is there any particular, beyond the mere prospect of a second suit, in which the defendants can be so prejudiced by a dismissal as to deprive the complainants of their right which under the general rule they are entitled to enjoy at this stage of the case.

The motion to dismiss will therefore be granted. Before, however, entering an order in accordance with the foregoing, the parties will appear to be heard with respect to the application heretofore filed in which The Steel and Tube Company of America seeks a decree for damages alleged to have been occasioned it by the issuance of the preliminary injunction.

Leave to file the amended answer and cross-bill will be denied.