MORTON WEINRESS,

*vs.*

UNIVERSAL LABORATORIES, INC., a Delaware corporation, and MORRIS H. GOTTHILF.

*New Castle, October 26, 1949.*

*Hugh M. Morris* and *Edwin D. Steel, Jr.*, of the firm of Morris, Steel, Nichols & Arsht, for plaintiff.

*Clair J. Killoran*, of the firm of Killoran & Van Brunt, for defendant Universal Laboratories, Inc.

SEITZ, Vice Chancellor: This is the decision on defendant's motion to dismiss plaintiff's complaint as amended.

Plaintiff is a stockholder of the defendant corporation ("defendant" refers to the corporate defendant). His complaint as amended seeks to enjoin the defendant from taking any action to carry out a proposed amendment to its certificate of incorporation and a proposed plan of recapitalization. He also sought a declaratory judgment declaring the plan invalid in one respect.

The formal aspects of the present difficulty commenced on March 31, 1949, when defendant mailed to its stockholders a notice of a special meeting to be held on April 11, 1949 to consider and take action upon a proposed plan of recapitalization. Insofar as here pertinent, the plan provides:

1.  Defendant will amend its charter so as to increase its capital stock from 350,000 shares of $1.00 par share common to 1,875,000 shares, consisting of 375,000 shares of $10.00 par value preferred stock and 1,500,000 shares of $1.00 par value common stock.

2.  The defendant will issue 168,706 shares of $1.00 par value common stock to Morris H. Gotthilf in exchange for a note in the amount of $650,000.00 issued by defendant and for 6,427 shares of Sleight Metallic Ink Company of Illi-

nois, Inc. (hereinafter called "Sleight of Illinois") held by Gotthilf. It works out that 150,812 shares of the defendant's common are to be issued to Gotthilf in exchange for the $650,000.00 note.

3. The defendant will issue 28,257.6 shares of its preferred stock to the holders—other than Gotthilf—of 23,573 shares of Sleight of Illinois preferred stock on the basis of six shares of defendant's preferred for five shares of Sleight of Illinois preferred.

On April 8, 1949, plaintiff brought the present action alleging that the effectuation of the plan would violate the laws of Delaware and would constitute a fraud upon the rights of plaintiff and other stockholders of defendant for the following reasons:

1. *Section* 14 of the *General Corporation Law of Delaware* will be violated by the issuance of the stock to Gotthilf in exchange for the note because the value of the note is substantially less than the par value of the shares to be issued therefor. It is alleged that Gotthilf is chairman of the defendant's board, its largest stockholder, and completely controls and dominates the board and that such board has fraudulently ascribed an excessive value to the note.

2. The issuance of the defendant's shares in exchange for the note will result in a fraudulent dilution in the value of stock held by plaintiff and other stockholders, and the equity of plaintiff and other stockholders in defendant's assets.

3. Because of the circumstances under which the $650,000.00 note was issued to Gotthilf, the note is invalid and unenforceable and, in consequence, cannot constitute valid consideration for the stock issuable to Gotthilf under the plan.

The complaint prays for an injunction against defendant taking any action, including the filing and recording of

the certificate of amendment, to carry out the proposed amendment to the certificate of incorporation and the proposed plan of recapitalization. It also prays for a judgment adjudging that defendant cannot legally issue any of defendant's stock to Gotthilf in exchange for the $650,000.00 note, and that any shares so issued will be invalid.

On April 11, 1949, plaintiff obtained a restraining order against defendant restraining the effectuation of the proposed plan, except that the restraining order permitted the stockholders of defendant to meet and vote upon the proposed amendment and plan.

By affidavit, which both parties concede may be used by the court, it appears that a necessary majority of the stockholders voted in favor of the amendment to the certificate and approved the plan of recapitalization.

On April 15, 1949 the defendant moved to dissolve the restraining order and the hearing thereon was fixed for May 13. However, on May 5 the plaintiff himself moved to dissolve the restraining order and his counsel suggests the reasons therefor in their brief. They state that they realized that a substantial bond would be required of plaintiff in the event defendant's motion to dissolve the restraining order was defeated. They also state that they believed the jurisdiction of this court could not be defeated by the dissolution of the restraining order.

On May 12, 1949 defendant moved to dismiss the complaint. The motion sets forth that on May 6, 1949 the certificate of amendment was filed and recorded as provided by statute, and that the defendant proposed to carry out the plan of recapitalization "at an early date." Defendant argues that because of these facts the prayer for injunctive relief cannot be granted, and this being so, plaintiff is not entitled to a declaratory judgment.

The defendant states the principal question before the court in the following manner:

"Can the Court of Chancery retain a bill for an injunction to restrain the carrying out of a plan of recapitalization where the shareholders have voted in favor of said plan and a temporary restraining order has been withdrawn, thus permitting formal corporate action in furtherance of the said plan of recapitalization to take place under Section 26 of the General Corporation Law?"

Plaintiff points out that while it may be impossible for this court to enjoin the amendment to the charter, which is an accomplished fact, it does not follow that the court is powerless to enjoin the defendant from issuing shares of its common stock to Gotthilf in exchange for the $650,000.00 note which he holds.

The defendant's motion to dismiss recites that the defendant will at an early date carry out its entire plan of recapitalization. It is thus apparent that at the time the motion was filed the plan had not been completely carried out. However, it seems to me that this matter must be disposed of on a somewhat broader ground than the question of whether or not the defendant has purported to carry out all aspects of the plan under attack. I shall, therefore, assume that the plan has been carried out. Such being the case, defendant argues that the balance of the equities at the present stage of the litigation weighs heavily in favor of renunciation of equity jurisdiction and remission of plaintiff to his remedy at law. I do not believe that this is a case where equity should renounce its jurisdiction. Conceivably, if plaintiff is successful on the merits, the defendant can be forced to take action which will have the effect of procuring some of the relief plaintiff now seeks. There is no good reason here why plaintiff should be put in a position where he can only get monetary damages when the possibility of procuring additional relief in this court is not too remote. See *Barrett v. Denver Tramway Corp.*, (3 *Cir.*) 146 *F.* 2d 701.

The plaintiff instituted this suit and the defendant was aware of plaintiff's position before any steps were taken by defendant to effectuate the plan. While the restraining order was dissolved on plaintiff's motion, the fact remains that

plaintiff stood on his complaint, and under the authorities as I read them, the defendant proceeded under the threat "that if what the defendant thereafter did should fail to withstand the tests which a later and final hearing would subject it to, the court would undoubtedly by its decree undo all that had been done in so far as its powers could be directed to that end." *Allied Chemical & Dye Corporation v. Steel & Tube Co.*, 14 *Del.Ch.* 368, 127 *A.* 414, 419.

The quoted position of this court in the *Allied Chemical* case has been frequently recognized by the courts and text-writers alike. Once a court has acquired jurisdiction to enjoin an act which is threatened, this jurisdiction will not be defeated, and a plaintiff's rights lost by the consummation of the act pending a final decree, where the final decree is adverse to the defendant. In this situation, the court will grant plaintiff any relief appropriate to redress the wrong. See *Porter, Price Administrator v. Lee, et al.*, 328 *U.S.* 246, 66 *S.Ct.* 1096, 90 *L.Ed.* 1199; *Texas & N. O. R. Co. v. Northside Belt R. Co.*, 276 *U.S.* 475, 48 *S.Ct.* 361, 72 *L.Ed.* 661; *Lewis, et al., v. Town of North Kingstown, et al.*, 16 *R.I.* 15, 11 *A.* 173, 27 *Am.St.Rep.* 724; *Konig v. Mayor and City Council of Baltimore*, 128 *Md.* 465, 97 *A.* 837; *Van Allen v. New York El. R. Co.*, 144 *N.Y.* 174, 38 *N.E.* 997; 1 *Joyce on Injunctions*, § 51a.

It is not necessary to decide now whether this court after final hearing and in the event plaintiff should sustain his charges will be unable or unwilling to grant some or all of the relief in the form requested by plaintiff. Obviously, the situation as it then exists will dictate the type of relief, if any, which will be granted plaintiff. This case does not present such a situation as confronted the court in *Rankin v. Interstate Equities Corporation*, 21 *Del.Ch.* 39, 180 *A.* 541. There the plaintiff's delay in subjecting the proposed action to legal attack was obviously an important reason for the dismissal of the complaint.

Defendant relies on cases in which the court has said

that it will not grant relief where such action would be futile. Obviously, plaintiff's action was not futile when it was instituted, and while the defendant's failure to maintain the *status quo* may affect the remedy ultimately available to plaintiff in the event he is successful, that is not to say that the case has become moot. I can readily visualize possible remedies which this court may supply plaintiff after final hearing if he sustains the charges contained in the complaint. Thus, it is possible that a mandatory injunction might give plaintiff part of the relief which he seeks.

I, therefore, conclude that the motion to dismiss the complaint on the ground that the defendant has or will effectuate the plan before final hearing cannot be granted. In view of my decision on the first point, it is unnecessary to decide whether the complaint would be maintainable solely under the declaratory judgment act.

An order accordingly will be entered on notice.