JAMES S. ABERCROMBIE, PHILLIPS PETROLEUM COMPANY, a corporation, and SUNRAY OIL CORPORATION, a corporation,
Plaintiffs,

*vs.*

RALPH K. DAVIES, SIGNAL OIL AND GAS COMPANY, a corporation, THE HANCOCK OIL COMPANY, a corporation, THE GLOBE OIL AND REFINING COMPANY, a corporation, LARIO OIL AND GAS COMPANY, a corporation, ASHLAND OIL & REFINING COMPANY, a corporation, DEEP ROCK OIL CORPORATION, a corporation, SAMUEL B. MOSHER, GARTH L. YOUNG, JOHN W. HANCOCK, J. HOWARD MARSHALL, HAROLD A. BLACK, FRANCIS L. JEHLE, REXFORD S. BLAZER, SANDFORD M. BURNAM, AMERICAN INDEPENDENT OIL COMPANY, a corporation, and SECURITY FIRST NATIONAL BANK OF LOS ANGELES, CALIFORNIA, a corporation,
Defendants.

*New Castle, June 28, 1957.*

*John J. Morris, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, and *Joseph W. Moore,* of Fouts, Amerman & Moore, Houston, Tex., for plaintiff James Abercrombie.

*Robert H. Richards, Jr.,* and *Stephen E. Hamilton, Jr.,* of Richards, Layton & Finger, Wilmington, for plaintiffs Phillips Petroleum Co. and Sunray Oil Corp.

*Richard F. Corroon* and *David F. Anderson,* of Berl, Potter & Anderson, Wilmington, and *Francis M. Shea* and *Warner W. Gardner,* of Shea, Greenman, Gardner & McConnaughey, Washington, D. C., for defendants Signal Oil & Gas Co., Hancock Oil Co., Lario Oil & Gas Co., Ralph K. Davies, Globe Oil & Refining Co., Samuel B. Mosher, Garth L. Young, John W. Hancock, Harold A. Black, Francis L. Jehle, and J. Howard Marshall.

*William Duffy, Jr.,* Wilmington, for defendant American Independent Oil Co.

SEITZ, Chancellor: Plaintiffs, non-parties to a so-called Agents' Agreement ("Agreement") filed this action attacking the validity of the Agreement. Certain of the defendants answered and some three of them (Signal Oil and Gas Company, Hancock Oil Company, and Lario Oil and Gas Company) also filed a counterclaim against plaintiffs. For convenience the counterclaimants will be referred to as "defendants". The Agreement was ultimately held invalid by the Supreme Court of Delaware, 130 *A.2d* 338, and a declaration to that effect and a permanent injunction were entered by this Court on May 3, 1957. See *Abercrombie v. Davis, supra p.* 445, 131 *A.2d* 822.

On May 14, plaintiffs filed a motion to dismiss the counterclaim for failure to state a claim. On May 15, the defendants moved to dismiss the counterclaim without prejudice. On May 29, plaintiffs moved for a temporary injunction restraining certain of the defendants (Signal Oil and Gas Company, Hancock Oil Company, Ralph K. Davies, Globe Oil and Refining Company and Lario Oil and Gas Company) who are plaintiffs in a California action, from taking any further action in that litigation.

This is the decision upon the defendants' motion to dismiss the counterclaim without prejudice and upon plaintiffs' motion for injunctive relief with respect to the California action.

Plaintiffs vigorously oppose the granting of the defendants' motion to dismiss the counterclaim without prejudice. Both sides agree that since the counterclaim has reached the stage where plaintiffs have answered it, the defendants' motion to dismiss without prejudice must be decided by the Court in the exercise of its sound discretion. *Chancery Court Rule* 41(a)(2), *Del.C.Ann.*

Preliminarily, I should note that the plaintiffs claim that defendants' counterclaim actually is based predominantly upon the Agreement which has heretofore been declared invalid. Defendants assert that the counterclaim is also an attempt to enforce a so-called joint venture pre-incorporation agreement providing that American Independent Oil Company was to remain independent of the control of any stockholder, including the plaintiff, Phillips. After reading the counterclaim I conclude that while it does relate to a claim under the invalid Agreement, it may also be interpreted as containing the claim of a pre-incorporation agreement. See Paragraphs 22, 46 and 47 of the Answer and Counterclaim. Paragraph 22 of plaintiffs' answer to the counterclaim makes it clear that they were aware that the counterclaim referred to an agreement other than the Agents' Agreement and the Organization Agreement. I also note that by Paragraph 4(b) of this Court's order, from which the appeal was taken, the issues created by the counterclaim were reserved for later trial. One such issue was stated to involve "the agreement upon which the company was organized". While open to interpretation, I think the doubt must be resolved in defendants' favor.

Viewing the defendants' motion to dismiss the counterclaim without prejudice insofar as it deals with a pre-incorporation agreement, it would seem that the Court should not deny the motion merely to "hold on" to the litigation. It is therefore pertinent to ask what prejudice can possibly result to these plaintiffs by the granting of defendants' motion?

Plaintiffs have filed affidavits but they deal with the merits of the counterclaim and the California action. None of them shows any prejudice based upon expense or upon prolonged preparation for the trial of the counterclaim.

The preparation by plaintiffs was bound to be minimal because, as they now say, they believed the counterclaim predominantly raised the issue of the validity of the Agents' Agreement. As to the counterclaim, there were admittedly no proceedings in this Court beyond the completion of the pleadings. As noted, the subject matter of the counterclaim was set to one side until after the disposition on appeal of the issue of the validity of the Agents' Agreement. I therefore cannot believe that the matter has so progressed that plaintiffs will be prejudiced by a dismissal of the counterclaim.

Plaintiffs' second argument is that there is pending in California an action by certain of the defendants which also raises only the issue of the validity of the Agents' Agreement. Defendants deny that it is confined to the Agents' Agreement.

I must say that I have great difficulty in understanding why the existence of the California litigation is a reason for denying defendants' motion. If, as plaintiffs say, it does not involve the issue of a pre-incorporation joint venture agreement, but only an attempt to enforce the Agents' Agreement, I feel confident that the California Court will dispose of the matter in accordance with the ruling of our Supreme Court. In any event, if plaintiffs believe that the actions in California of any of the appearing defendants constitute a contempt of this Court's permanent injunction prohibiting them from attempting to enforce the Agents' Agreement, they have a remedy by way of contempt proceedings in this Court.

If, contrary to plaintiffs' assertion, the California action also involves an attempt to enforce a pre-incorporation agreement (and it may, see Paragraph 3(d) and Prayer (5) of plaintiffs' First Supplemental Complaint in California), I am at a loss to see how this is a reason for denying defendants' motion. I say this because there is no reason why this Court should, without more, be so provincial as to force the trial of the matter here rather than in California. I note that the plaintiffs claim the counterclaim here was compulsory. If so, and I express no opinion thereon, the defendants did not select the forum and, indeed, their California action was filed first. Merely because Delaware corporation law may be involved cannot be a conclusive answer. Compare *Allied Chemical and Dye Corp. v. Steel and Tube Co.,* 14 *Del.Ch.* 368, 127 *A.* 414.

I therefore conclude in the exercise of my discretion that so much of defendants' counterclaim as deals with agreements other than the Agents' Agreement may be dismissed without prejudice on the condition that the defendants agree that so much of the counterclaim as is based upon the validity of the Agents' Agreement be dismissed with prejudice. Defendants must also pay the Court costs incurred in connection with that phase of the matter.

█ Since a final judgment has been entered on plaintiffs' complaint declaring the Agents' Agreement invalid and since the defendants' counterclaim will be dismissed without prejudice, the plaintiffs' motion for injunctive relief with respect to the California action should be denied. First of all, if the request for injunctive relief is based upon the judgment of this Court invalidating the Agreement, I am confident that the California Court will give effect to that decision. Secondly, I believe the present permanent injunction already covers this type of relief and if there has been a violation, plaintiffs have a contempt remedy. Finally, defendants explicitly disclaim any intent to rely upon the Agents' Agreement in the future in the California action.

If plaintiffs' motion is based upon the fact that the California action raises the same issue as is involved in a portion of the counter-

claim, *viz.*, the enforceability of the pre-incorporation agreement, then it must be denied because the premise for the argument has been destroyed by this Court's decision granting a dismissal of that feature of the counterclaim without prejudice.

I reach my conclusion without considering the dubious nature of plaintiffs' request in view of the fact that they are not defendants in the California action. Consequently, the decision could not bind them.

Without considering many other reasons argued I conclude that plaintiffs' motion for injunctive relief should be denied.

Present order on notice.